**Mark AVERY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 80273.**

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 17, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 14, 2002.

Application for Transfer Denied Dec. 24, 2002.

Susan K. Roach, Chesterfield, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Stephanie Morrell, Asst. Attorney General, Jefferson City, MO, for respondent.

Before PAUL J. SIMON, P.J. and GARY M. GAERTNER, SR. and KATHIANNE KNAUP CRANE, JJ.

---

## *ORDER*

PER CURIAM.

Mark Avery (movant) appeals the judgment denying his Rule 24.035 motion for post-conviction relief.

On appeal, movant contends the motion court erred when it denied his amended post-conviction motion, because his trial counsel was ineffective for failing to: (1) appropriately and adequately investigate the case and the witnesses; (2) appropriately and adequately advise movant of his Constitutional rights and that he would be sentenced as a prior and persistent offender as a result of his prior felony convictions; (3) investigate the status of movant's medical and psychological condition, to utilize a defense of mental disease or diminished capacity, and to determine if movant understood the nature of the charges against him and whether he was making a knowing, voluntary, and intelligent decision to enter pleas of guilty; and (4) adequately assert to the court and bring to its attention that the motivation of the prosecuting attorney's office in this case was based on movant's inability to bring completely current his delinquent child support obligation. We affirm.

On October 2, 1998, movant pled guilty to one count of the class D felony of criminal non-support, Section 568.040 RSMo 2000 (all further references herein shall be to RSMo 2000 unless otherwise indicated). The trial court accepted movant's plea, finding that it was voluntarily, knowingly, and intelligently made. Movant was sentenced to five years in the custody of the Missouri Department of Corrections, but the trial court suspended execution of his sentence and placed him on probation for a period of five years.

On October 9, 1998, movant pled guilty to two counts of burglary in the second degree, Section 569.170; one count of felony stealing, Section 570.030; and one count of property damage in the first degree, Section 569.100. The trial court accepted movant's plea, finding that it was intelligently, voluntarily, and knowingly made. Movant was sentenced to three five-year terms for the two counts of burglary and the count of property damage in the first degree and to one year for the count of felony stealing. Again, the trial court suspended execution of movant's sentences and placed him on probation.

On May 26, 2000, movant pled guilty to one count of felony driving while intoxicated, Section 577.010; one count of the class B misdemeanor of exceeding the speed limit, Section 304.010; and one count of the class A misdemeanor of driving while revoked. The trial court accepted movant's plea of guilty, finding that it was voluntarily, knowingly and intelligently made. Movant was sentenced as a prior and persistent offender to concurrent terms of five years for driving while intoxicated, one year for exceeding the speed limit, and one year for driving while revoked. Movant's probation on the prior sentences was revoked and his sentences were executed.

Movant filed his amended motion for post-conviction relief from the sentences imposed on May 26, 2000. The motion court granted an evidentiary hearing on the issue of whether movant suffered from a mental disease or defect at the time of his plea and sentencing on May 26, 2000, of which trial counsel should have known and investigated, and denied all other claims without an evidentiary hearing.

The motion court denied movant's motion and in its findings of fact and conclusions of law found that movant failed to: (1) show that counsel knew or should have known of the existence of a witness that could be located through reasonable investigation and whose testimony would have produced a viable defense; (2) state any

facts on how his Constitutional rights were violated and, if true, how he was prejudiced; and (3) show the existence of a factual basis indicating a questionable mental condition which should have caused his attorney to initiate an independent investigation of his mental health. Also, the court found that movant had been advised that he was a prior and persistent offender, that he signed a "Petition to Enter Plea of Guilty" which correctly stated the extended term of imprisonment, and that the record refuted any claim that movant's counsel failed to assert to the court the motivation of the prosecutor.

Our review of the record on appeal reveals that the trial court's determination is not clearly erroneous. Rule 24.035(k). An extended opinion reciting detailed facts and restating principles of law would have no precedential or jurisprudential value. We affirm the judgment pursuant to Rule 84.16(b).